Green, J.
delivered the opinion of the court.
The bill admits that at the time it was filed, the complainant did not have a legal title to the entire tract agreed to be couveyed. This being true, he was not in a condition to perform the contract on his part, and as he could not ask the defendant to take an imperfect title, he had no ground of equity upon which to come here for the enforcement of his contract. The amended bill was therefore demurrable for want of equity. The fact that Davis in whom the legal title was vested, having been made a party does not alter the case. He was improperly joined with the defendant Noe. The complainants right to a specific performance from his vendor, Davis, is an entirely distinct cause of action from his right to have his contract with his vendee, Noe, enforced. The fact that the two contracts are for the same land, does not authorise them to be joined in a bill for their enforcement. For this reason also, this amended bill was demurrable.
If it were admitted that as to the balance of the land, the complainant had an unquestionable title, still he cannot insist that the defendant shall accept a part performance of the contract. 2 Bibbs Rep. 410; nor will the court decree a specific performance against the purchaser of land, if .the complainant cannot make out a title clearly good and free from all incum-brances. 1 Des. Rep. 382» The bill will therefore be dismissed, but because the defendants, Davis, Midkiff, and Solomon Noe, failed to demur to the amended bill, the court will not give them costs against the complainant, after the return of the subpmna.
Bill dismissed.